# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0663, <u>Norman L. Lesser v. Wells Fargo Bank, N.A.</u>, the court on May 31, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Norman L. Lesser (owner), appeals an order of the Superior Court (<u>Temple</u>, J.) granting summary judgment in favor of the defendant, Wells Fargo Bank, N.A. (bank). He contends that the trial court erred by: (1) finding that the bank did not owe him a fiduciary duty in connection with his application to modify his mortgage loan; and (2) denying his claim for injunctive relief "without looking at the merits."

We review the trial court's grant of summary judgment by considering the summary judgment record, and all inferences properly drawn from it, in the light most favorable to the non-moving party. <u>Pike v. Deutsche Bank Nat'l Trust Co.</u>, 168 N.H. 40, 42 (2015). If our review of that evidence discloses no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. <u>Id</u>. We review the trial court's application of the law to the facts <u>de</u> <u>novo</u>. <u>Id</u>.

We first address whether the bank owed the owner a fiduciary duty in connection with his application to modify his mortgage loan. A fiduciary relationship has been defined to exist wherever influence has been acquired and abused or confidence has been reposed and betrayed. <u>Bascom Construction v. City Bank and Trust</u>, 137 N.H. 472, 476 (1993). Whether a duty exists in a particular case is a question of law. <u>Ahrendt v. Granite Bank</u>, 144 N.H. 308, 314 (1999).

As a general rule, the relationship between a bank and a customer is not a fiduciary one, unless the law otherwise specifies. <u>Id</u>. at 311. The relationship between a bank and its borrower is a creditor-debtor relationship and contractual in nature. <u>Cf</u>. <u>id</u>. (stating relationship between bank and depositor is contractual debtor-creditor relationship). The mere fact that a relationship is long-standing does not create a fiduciary duty. <u>Id</u>. at 312.

When a bank sells a mortgagor's property at foreclosure, it has a duty of good faith and due diligence to the mortgagor that is essentially that of a fiduciary. <u>First NH Mortgage Corp. v. Greene</u>, 139 N.H. 321, 323 (1995). This

duty arises from the contractual relationship between the two parties. DeLellis v. Burke, 134 N.H. 607, 612 (1991). However, the existence of a fiduciary relationship in this context does not mean that a fiduciary relationship always exists. Ahrendt, 144 N.H. at 311. We have declined to extend even this fiduciary duty. See Bascom, 137 N.H. at 476 (stating fiduciary duty does not extend to material lien holders); DeLellis, 134 N.H. at 612 (stating fiduciary duty does not extend to creditors).

We agree with the trial court that the owner "does not articulate how the facts established support an inference that an influence has been acquired and abused, or a confidence has been reposed and betrayed" by the bank in connection with his application to modify his mortgage loan. See Bascom, 137 N.H. at 476. The owner argues that, given that the bank's fiduciary duty in connection with a foreclosure sale is rooted in contract, "there is no valid reason to circumscribe the scope of the duty to one particular section of the contract." However, this argument begs the question whether his contract with the bank includes an obligation regarding the modification of his mortgage loan.

To the extent that the owner alleges that the bank promised to modify his home equity line of credit, he did not plead a claim in connection with that loan. See Morancy v. Morancy, 134 N.H. 493, 497 (1991) (stating defendant entitled to have case tried and decided on the grounds alleged in the complaint). Nor does he explain how such a promise would establish a duty in connection with the modification of the mortgage loan.

Although the owner's complaint stated that the bank owed him "a fiduciary duty of good faith and due diligence," and his count was captioned "Breach of Fiduciary Duty/Damages," he contends that the trial court engaged in a "hyper-technical interpretation of [his] complaint" by limiting its consideration to fiduciary duties. He argues that such reading "is not warranted by the procedural history of this case" because the bank "knew of [his] entire claim at the preliminary injunction hearing" as evidenced by its reference to his theory that he was forced into default on his mortgage loan as a result of the bank failing to "work with him to modify his equity loans." However, he does not explain how this shows that the bank owed him a duty in connection with his application to modify his mortgage loan.

The owner argues that "[h]owever defined by this Court, [the bank] owes a duty to its mortgagor" and that, if we disagree that this duty is fiduciary, then we should "simply" apply "another standard of conduct." However, the only source that he posits for such a duty is contract, which he has not alleged in connection with his application to modify his mortgage loan.

To the extent that the owner argues that the bank did not deal with him "in a fair and reasonable manner" in connection with his application to modify

2

his mortgage loan, he does not establish that it had a duty to do so. Accordingly, we need not address the owner's arguments regarding the parameters of such a duty. To the extent that the owner invites us to create a new duty, on this record we decline to do so. We conclude that, viewed in the light most favorable to the owner, the evidence discloses no genuine issue of material fact, and that the bank was entitled to judgment as a matter of law on this issue. See Pike, 168 N.H. at 42.

We next address the denial of the owner's request for an injunction. The issuance of an injunction is an extraordinary remedy. Pike, 168 N.H. at 45. A trial court may grant an injunction when it is "necessary to prevent fraud or injustice." RSA 498:2 (2010). The decision to do so rests within the trial court's sound discretion, after consideration of the facts and established principles of equity, and depends upon the factual circumstances in each case. City of Keene v. Cleaveland, 167 N.H. 731, 742 (2015). Courts have considerable discretion in determining whether equity should intervene to aid litigants in the protection of their legal rights. Id. We will uphold the decision of the trial court with regard to the issuance of an injunction absent an error of law, an unsustainable exercise of discretion, or clearly erroneous findings of fact. Id.

In this case, the owner argues that the trial court should have enjoined foreclosure by the bank because, when taken in the light most favorable to him, the facts alleged show that the bank lacked "standing" to do so. He argues that affidavits and depositions of bank employees show that the bank did not "own either the note or mortgage." (Emphasis in original.) However, the owner did not plead this claim, nor did he seek to amend his complaint to include it. See Morancy, 134 N.H. at 497. As a result, the trial court concluded that "the issue of whether [the bank held] the note and mortgage has no bearing on . . . [the] determination on summary judgment."

The owner argues that he was not required "to amend the complaint each time [he] discover[ed] additional evidence which supports his original claim." He contends that his complaint was sufficient because it sought an injunction. We disagree. Although a request for permanent injunctive relief need not be accompanied by a claim for damages, it must be predicated upon some underlying claim. See Meredith Hardware, Inc. v. Belknap Realty Trust, 117 N.H. 22, 24 (1977) (dissolving injunction when defendant did not violate his lease and had no actual or constructive notice of restrictions imposed upon his premises by covenant in plaintiff's lease); cf. DuPont v. Nashua Police Dep't, 167 N.H. 429, 434 (2015), cert. denied sub nom. McDonough v. Dupont, 136 S. Ct. 533 (2015) (stating party seeking preliminary injunction must show, among other things, that it would likely succeed on merits).

Unlike the plaintiff in Cleaveland, who specifically alleged facts that supported its request for an injunction although they were not included in

express claims, 167 N.H. at 742-43, in this case the owner did not allege any facts in the complaint regarding the bank's lack of possession of the note and mortgage in his complaint. The owner argues that he failed to include such allegations because he learned of them only during discovery. However, he represents that he had at least three months between discovering these facts and filing his motion for summary judgment on this issue, yet he did not seek to amend his complaint in that time.

The owner argues that the bank was not prejudiced by his failure to amend his complaint to add this new underlying claim because it "knew the underlying facts, was cognizant of the request for injunctive relief, and was able to defend the same." Although New Hampshire is a notice pleading jurisdiction, and, as such, we take a liberal approach to the technical requirements of pleadings, Cleaveland, 167 N.H. at 743, the bank's alleged knowledge of the facts does not alter our requirement that it was entitled to have the case decided upon the grounds for relief alleged in the complaint. See Morancy, 134 N.H. at 497. Furthermore, we note that the complaint sought a "preliminary and permanent injunction to foreclosure pending modification and/or refinance," but the owner argues that he is now entitled to an injunction barring the bank "from foreclosing the mortgage . . . until it obtained standing to foreclose."

We conclude that, viewed in the light most favorable to the owner, the evidence discloses no genuine issue of material fact and that the bank was entitled to judgment as a matter of law. See Pike, 168 N.H. at 42.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**